## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JACOB R. SPURLIN,**

    **Petitioner,**

    v.                                           **CASE NO. 21-3029-JWL**

**(FNU) (LNU), Director of the
North Central Region for the
Federal Bureau of Prisons,**

    **Respondent.**

## ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner challenges his disciplinary proceedings and loss of good conduct time. Petitioner is currently confined at USP-Thomson in Thomson, Illinois. Because the Court has no jurisdiction over Petitioner's warden, the Court directs the Clerk of the Court to transfer this case to the Northern District of Illinois.

A preliminary issue on review of a habeas petition is whether the Court has jurisdiction over the respondent. "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citations omitted); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions"). When a case is filed in the wrong district, the district court must "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

Petitioner is incarcerated at the United States Prison in Thomson, Illinois. The warden of USP-Thomson is the proper respondent in this case. Because the Warden at USP-Thomson is located outside this Court's geographical boundaries, the Court has no jurisdiction over them. The proper venue is the Northern District of Illinois where Petitioner is confined. Accordingly, in the interest of justice, the Court orders the Clerk of Court to transfer this case to the Northern District of Illinois.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk of Court is ordered to transfer this case to the Northern District of Illinois.

**IT IS SO ORDERED**.

**Dated January 27, 2021, in Kansas City, Kansas.**

                                      **S/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**